UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW B.,

                        Plaintiff,

v.                                                                        1:20-CV-1591
                                                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     SAMANTHA VENTURA, ESQ.
  Counsel for Plaintiff                                KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   HEATHER SERTIAL, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   TIMOTHY RAZEL, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

I.     **RELEVANT BACKGROUND**

    A.     **Factual Background**

Plaintiff was born in 1986. (T. 76.) He completed the 12th grade. (T. 215.) Generally, Plaintiff's alleged disability consists of learning disability, illiteracy, deaf in left ear, speech impairment, back impairment, and depression. (T. 214.) His alleged disability onset date is January 17, 2017. (T. 76.)

    B.     **Procedural History**

On January 17, 2018, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 76.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On December 18, 2019, Plaintiff appeared before the ALJ, Jonathan P. Baird. (T. 34-58.) On February 4, 2020, ALJ Baird issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-33.) On September 16, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

    C.     **The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-29.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 17, 2018. (T. 17.) Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease; adjustment disorder with depressed mood; anxiety disorder; and alcohol use disorder. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the

listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 18.)

Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b); except:

> no more than occasional climbing of ramps and stairs; never climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, crawling; work is limited to simple routine and repetitive tasks; no detailed instructions; work must be in a low stress [sic], defined as occupations requiring no more than occasional decision making and occasional changes in the work setting; no production or pace work; and no more than occasional interaction with coworkers and the public.

(T. 21.)[1]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 27-29.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings.  Plaintiff argues the ALJ failed to include the consultative examiner's moderate reaching limitation in the RFC despite finding the opinion persuasive.  (Dkt. No. 12 at 11-5.)  Plaintiff also filed a reply in which he deemed no reply necessary.  (Dkt. No. 15.)

### B.   Defendant's Arguments

---

[1]   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

In response, Defendant makes one argument. Defendant argues substantial evidence supported the RFC finding. (Dkt. No. 14 at 13-19.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.    ANALYSIS

Plaintiff argues, that although the ALJ found the consultative examiner's opinion "somewhat persuasive," the ALJ failed to provide an analysis to support his determination to not include the examiner's opinion Plaintiff had "moderate limitations" in his ability to reach overhead.  (Dkt. No. 12 at 11-15.)  Because Plaintiff does not argue the ALJ erred in his mental RFC determination or other physical RFC functional limitations, only evidence relevant to Plaintiff's argument will be addressed.  For the reasons outlined herein, remand is necessary for a proper analysis and determination of Plaintiff's ability to reach.

Under 20 C.F.R. § 416.920c the ALJ must articulate how he or she considered certain factors in assessing medical opinions.  See 20 C.F.R. § 416.90c(a)-(c)[2].  The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors.  Id. § 416.920c(c).  An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three.  Id. § 416.920c(b).

An ALJ does not have to strictly adhere to the entirety of one medical source's opinion.  See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  However, although an ALJ is entitled to resolve conflicts in the record, his discretion is not so wide as to permit

---

[2]   On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017.

him to pick and choose only evidence that supports a particular conclusion.  *See Smith v. Bowen,* 687 F.Supp. 902, 904 (S.D.N.Y.1988) (citing *Fiorello v. Heckler,* 725 F.2d 174, 175-176 (2d Cir.1983)).

On May 1, 2018, consultative examiner, Hongbiao Liu, M.D., examined Plaintiff and provided a medical source statement.  (T. 471-474.)  On examination, Dr. Liu observed Plaintiff's shoulder displayed "forward elevation left and right 140 degrees, abduction 140 degrees, adduction 20 degrees, internal rotation 30 degrees, and external rotation 80 degrees."  (T. 473.)  Plaintiff had full strength in upper extremities.  (*Id.*)  Dr. Liu opined, in part, Plaintiff had "moderate limitation for prolonged walking, bending, kneeling, and overhead reaching."  (T. 474.)

On May 15, 2018, non-examining State agency medical consultant, B. Stouter, M.D., reviewed the record and provided a medical source statement.  (T. 70-72.)  Dr. Stouter indicated Plaintiff could perform the exertional demands of light work with occasional postural limitations.  (T. 70-71.)  Specifically, Dr. Stouter indicated Plaintiff could occasionally: climb ramps/stairs; climb ladders/ropes/scaffolds; balance; stoop; kneel; crouch; and crawl.  (T. 71.)  Unlike Dr. Liu, Dr. Stouter did not indicate Plaintiff had a reaching limitation.  Dr. Stouter indicated his opinion was based on objective findings in the record and Dr. Liu's examination.  (T. 71-72.)  Drs. Liu and Stouter provided the only medical source opinions regarding Plaintiff's physical functional limitations.

The ALJ considered Dr. Stouter's opinion and found it "persuasive" based on its "supportability and consistency with the record evidence."  (T. 25.)  The ALJ considered Dr. Liu's opinion and found it "somewhat persuasive, but not as persuasive as those of

Dr. Stouter." (*Id*.)  The ALJ summarized Dr. Liu's opinion, including his opinion Plaintiff had moderate limitations for prolonged overhead reaching.  (*Id*.)  The ALJ concluded, although Dr. Liu's opinion was not a "function-by-function" assessment, his "moderate restrictions" were consistent with the "no more than moderate deficits noted on his objective examination."  (T. 25-26.)  The ALJ stated he found the opinion "persuasive to the extent that moderate restrictions in the strength factors of walking, bending and kneeling remain consistent with the strength demands of light work with additional postural limitations."  (T. 26.)

Although Dr. Stouter did not provide a reaching limitation and the ALJ ultimately found his opinion "persuasive," the form completed by Dr. Stouter did not list reaching as a non-exertional function.  (T. 71.)  Indeed, the form only listed the non-exertional functions of climbing, balancing, stooping, kneeling, crouching, and crawling.  (*Id*.)  Dr. Stouter opined Plaintiff had no manipulative limitations; however, reaching is not included under the umbrella of these limitations.  *See* SSR 96-9p, (manipulative limitations involve hands and fingers).  Notably, Dr. Stouter outlined every aspect of Dr. Liu's physical examination, except his findings on examination of Plaintiff's shoulders.  (T. 71-72.)

The ALJ's RFC included non-exertional limitations consistent with Dr. Liu's and Dr. Stouter's opinions, except the ALJ's RFC determination does not contain limitations in Plaintiff's ability to reach overhead.  In his analysis of the opinion evidence in the record, the ALJ noted Dr. Liu's reaching limitation; however, the ALJ did not discuss how he considered the limitation.  To be sure, "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of

8

record permits the Court to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983)).  Further, failure to address a specific limitation may be harmless if discussion of the limitation would not have changed the outcome of the case.  *Robin A. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06645, 2022 WL 593451, at *5 (W.D.N.Y. Feb. 28, 2022) (collecting cases); see *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010).

Here, the ALJ's failure to assess Dr. Liu's reaching limitation is problematic.  The ALJ's reasoning for the omission of a reaching limitation cannot be gleaned from the record, Dr. Liu's opinion is more restrictive than the RFC, and had the reaching limitation been credited, it could have changed the outcome of Plaintiff's claim.  *See Robin A.,* 2022 WL 593451, at *5 (ALJ's failure to consider limitation was not harmless where limitations would have changed the outcome of plaintiff's case).  Indeed, the occupations the ALJ provided at step five require constant or frequent reaching.  (DOT 318.687-018, 207.685-014, 209.587-034.)

In addition, although Plaintiff did not list a shoulder impairment in his application for benefits (T. 214), Plaintiff indicated reaching caused pain in his back (T. 228).  When asked at his hearing where he experienced pain, Plaintiff answered "from my shoulders."  (T. 45.)

Defendant argues the ALJ properly accounted by Dr. Liu's opined limitations.  (Dkt. No. 14 at 15.)  Defendant asserts Dr. Liu's opinion is inconsistent with the largely normal physical examination findings in the record, such as that Plaintiff had full range of motion in his neck with no adenopathy, swelling, or tenderness; he had normal

muscle bulk and tone bilaterally in the upper extremities; and he had 5/5 (full) shoulder abduction, elbow flexion/extension, wrist flexion/extension, and finger abduction in both the right and left upper extremities.  (*Id*. at 15-16; citing T. 628, 640, 1090.)  Defendant also correctly notes the record has sparse treatment notes for Plaintiff's physical impairments; instead, the record contains mostly treatment notes regarding Plaintiff's mental impairments. In fact, there are only treatment notes for Plaintiff's physical impairments for approximately a one-year period, from January 2018 through February 2019.  (*Id*. at 18.)  However, although the Defendant cites evidence, she asserts is inconsistent with Dr. Liu's opinion and notes the sparse record of physical impairments, the Court cannot accept *post hoc* rationalizations.  See *Thomas v. Colvin*, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018) ("*post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support her conclusions by reference to substantial evidence").

      Overall, the ALJ's reason for not adopting Dr. Liu's reaching limitation cannot be gleaned from the record and the omission is not harmless error.  Although the ALJ properly summarized Dr. Liu's opinion and found Dr. Stouter's opinion persuasive, had the reaching limitation been credited it may have changed the outcome of Plaintiff's claim.  Therefore, remand for further proceedings is required.

**ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: May 5, 2022

_____
William B. Mitchell Carter
U.S. Magistrate Judge